UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ENERGY MARKETING SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:08-CV-1878 (CEJ) |
| UNITED STATES STEEL CORP., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants United States Steel Corporation (U.S. Steel) and U.S. Steel Tubular Products, Inc., (U.S. Steel Tubular) successor to and incorrectly identified in plaintiff's complaint as Lone Star Steel Co., L.P., (Lone Star Steel) to dismiss plaintiff's complaint for lack of personal jurisdiction and for improper venue, pursuant to Rules 12(b)(2) and (3), Fed.R.Civ.P. Alternatively, defendants requests that the Court transfer venue of this matter to the United States District Court for the Eastern District of Texas, Marshal Division. Plaintiff has not filed a response to the motion and the time allowed for doing so has expired.

I. Background

Plaintiff Energy Marketing Services, Inc., is a Missouri corporation with its principal place of business in St. Louis County, Missouri. Defendant U.S. Steel is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania, and is authorized to do business in the State of Missouri. Defendant U.S. Steel Tubular is a wholly-owned subsidiary of U.S.

Steel with its principal place of business in the State of Texas. (Doc. #1-2, at 3).

On November 4, 2008, plaintiff filed a petition against defendants in the Circuit Court of St. Louis County, Missouri, asserting claims of (1) breach of contract; (2) tortious interference with contract; and (3) fraudulent misrepresentation. On November 25, 2008, plaintiff served a copy of its petition on both defendants. On December 5, 2008, defendants removed the action to this Court, alleging jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332.

## II. Legal Standard

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [the defendants] can be subjected to jurisdiction within the state." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004), quoting Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 259 (8th Cir. 1974). A party may rely on affidavits, exhibits, or other evidence to make a *prima facie* case of jurisdiction. Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003).

## III. Discussion

Missouri's long-arm statute provides, in relevant part, as follows:

> Any . . . corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such . . . corporation . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of such acts:
>
> (1) The transaction of any business within this state;
>
> (2) The making of any contract within this state;
>
> (3) The commission of a tortious act within this state;

Mo. Rev. Stat. § 506.500.1 (2007). Missouri's long-arm statute authorizes jurisdiction to the extent permitted by the Due Process clause, and thus the Court need only determine that the assertion of jurisdiction satisfies due process. Romak, 384 F.3d at 984 (citation omitted).

To satisfy due process, a defendant must have sufficient minimum contacts with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." Id. See also International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); World-Wide Volkswagen v. Woodson, 444 U.S. 286, 291-92 (1980). There must be some act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Epps, 327 F.3d at 647-48, citing Hanson v. Denckla, 357 U.S. 235, 253 (1958). See also Asahi Metal Indus. Co. v. Superior Court of California, Solano County, 480 U.S. 102, 109-12 (1987). The defendant's contacts must be more than "random, fortuitous, or attenuated." Id., citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Personal jurisdiction may be general or specific. Specific jurisdiction exists when a

cause of action arises out of or is related to a defendant's contacts with the forum state; when the cause of action does not arise out of defendant's contacts, general jurisdiction exists, but only if the defendant's contacts with the state are systematic and continuous. Epps, 327 F.3d at 648, citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8-n.9 (1984). A five-factor test evaluates the sufficiency of the defendant's contacts: (1) the nature and quality of the defendant's contacts with the forum state, (2) the quantity of the contacts, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. Id., citing Burlington Indus. v. Maples Indus., Inc, 97 F.3d 1100, 1103 (8th Cir. 1996) (additional citation omitted). The first three factors are given significant weight. Romak, 384 F.3d at 984.

Defendants allege that plaintiff cannot satisfy the requirements of Missouri's long-arm statute. In support of this argument, defendants present the declaration of Kevin R. Powers, Inventory Manager for U.S. Steel Tubular, and former Commodity Manager and Mechanical Buyer for Lone Star Steel. Powers states that U.S. Steel Tubular is a Delaware corporation with its principal offices in Dallas, Texas, and with primary operations in Lone Star, Texas.

Powers further states that, on June 8, 2007, Lone Star Steel and plaintiff entered into a purchase order agreement (the agreement) for the sale of mill scale by Lone Star Steel, and its successor, U.S. Steel Tubular, to plaintiff.

Powers also states that he negotiated the terms of the agreement with John Hirlinger, the principal of plaintiff, and executed the agreement in his office in Lone Star, Texas. Powers also states that neither he nor any Lone Star Steel, U.S. Steel Tubular, or U.S. Steel representatives traveled to Missouri in connection with the negotiation or performance of the agreement. However, Powers states that, on four or five occasions, Hirlinger traveled to Lone Star, Texas, to inspect the mill scale and to discuss the contract specifications and terms. Powers states that the mill scale was located in Lone Star, Texas, where plaintiff loaded and transported the material to its customers. The statements contained in Mr. Powers' declaration are uncontroverted.

Plaintiff's complaint asserts two tort claims. First, plaintiff asserts a claim of tortious interference with contract based on "[t]he acts and conduct of [d]efendants [that] caused damage to [p]laintiff as a result of the loss of the benefit of the contract with Consolidated Mill Supply . . . ." (Doc. #1-2, at 21). Second, plaintiff asserts a claim of fraudulent misrepresentation based on the allegation that defendants "intentionally concealed the fact that the mill scale tonnage was depleted and that [d]efendants did not have enough mill scale to fulfill its obligations to [p]laintiff." (Doc. #1-2, at 23). However, plaintiff does not allege that either tortious act occurred in Missouri. Therefore, plaintiff has not met its burden to establish that defendants' actions fall within the scope of Missouri's long-arm statute. As such, the Court will not address the additional arguments raised by defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants United States Steel Corporation and U.S. Steel Tubular Products, Inc., successor to and incorrectly identified in plaintiff's complaint as Lone Star Steel Co., L.P., to dismiss for lack of jurisdiction [Doc. #9] is **granted**.

```
                                   _____
                                   CAROL E. JACKSON
                                   UNITED STATES DISTRICT JUDGE
```

Dated this 24th day of April, 2009.